Filed 8/25/25  P. v. Sandoval CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B335726 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA501906) |
| v. | |
| GERARDO SANDOVAL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gustavo N. Sztraicher, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott. A. Taryle, and Sophia A. Lecky, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

Pursuant to Penal Code section 1538.5,[1] defendant Gerardo Sandoval moved to suppress evidence the police discovered in his vehicle following a traffic stop.  The trial court denied the motion.  Defendant then entered a negotiated no contest plea to possession of firearm by a felon (§ 29800, subd. (a)(1)) and appeals from the judgment of conviction.  We affirm.

# II.    BACKGROUND

## A.    *Facts*

At the hearing on defendant's suppression motion, Los Angeles Police Department Officer Manuel Rios testified that at approximately 10:30 p.m. on December 16, 2021, he and his partner, Officer Rangel, were on patrol when he observed defendant drive through the limit line at the intersection of 33rd Street and Grand Avenue, in violation of Vehicle Code section 22450.  Officer Rios conducted a traffic stop of defendant's vehicle.  During the traffic stop, Officer Rios approached the driver's side of defendant's vehicle, informed defendant of the violation, and requested his driver's license.  Defendant provided a California identification card instead of a driver's license.  When Officer Rios ran defendant's identification card, the inquiry result showed that it had expired.

Officer Rios observed that defendant had a pocketknife on his person.  For officer safety reasons, Officer Rios asked

---

[1]    All further statutory references are to the Penal Code unless otherwise noted.

2

defendant to place the pocketknife on the dashboard and exit the vehicle. As defendant exited the vehicle, Officer Rios observed a black plastic baggie "on the passenger side door area" that appeared to contain residue from a white crystalline substance. When the trial court asked the officer to describe again what he saw as defendant was stepping out of the vehicle, Officer Rios stated he saw a white plastic baggie with a residue of a white crystalline substance on it. The residue was the type typically left after a baggie contained methamphetamine. Asked where he saw the baggie, he responded, "The . . . driver's side door." He also saw a white powdery substance that resembled methamphetamine spread throughout the driver's side floorboard.

Officer Rios conducted a pat-down search of defendant's outer clothing for possible weapons and felt what he immediately recognized to be a glass bowl or bulb pipe commonly used for ingesting methamphetamine. Officer Rios handcuffed defendant and escorted him to the sidewalk.

Based on his observations, Officer Rios believed there were narcotics in defendant's vehicle. Officer Rangel searched the vehicle, without a warrant, and recovered a 9-millimeter semiautomatic handgun from the rear passenger floorboard behind the driver's seat; the handgun had a magazine in it. Officer Rangel recovered a second magazine from the center console.

Defendant testified at the hearing on his suppression motion that before the police officers pulled him over, he had stopped at the intersection's limit line. From that limit line, defendant could not see southbound traffic. In order to make a

safe right turn, he had to "[m]ake another stop to check if cars [were] coming."

Defendant admitted "the officer" found a "meth pipe" in his pants pocket. He denied smoking methamphetamine in his vehicle that night and said the pipe was empty. He also denied having a baggie with crystal residue in his car or that there was a crystallized substance on his vehicle's floorboard.

Asked if he had a gun magazine containing ammunition in the center console of his vehicle, defendant responded that he did not remember having anything in the center console and that it was his brother's truck. He did not know if there was a gun on the vehicle's back seat floorboard. He had never handled a gun.

B.     *Motion to Suppress*

On July 1, 2022, defendant filed a motion to suppress evidence of the firearm and observations the officers made during the traffic stop and searches of his person and vehicle. Defendant argued the prosecution bore the burden of establishing the warrantless search fell within an exception to the Fourth Amendment's warrant requirement.

In its opposition, the prosecution provided two different grounds for denying the motion. First, the prosecution argued that the "automobile exception" applied to the search and seizure. Second, the prosecution argued that police performed a "'stop and frisk'" under a lawful stop and with the reasonable suspicion that defendant was armed and dangerous.

On September 23, 2023, during oral argument of defendant's suppression motion, the prosecution argued Officer Rios testified he stopped defendant's vehicle because defendant

4

failed to stop at a limit line in violation of Vehicle Code section 22450, subdivision (a). During his contact with defendant, Officer Rios learned defendant was armed with a pocketknife, giving him a reasonable belief defendant was armed. The officers then conducted a pat down search and discovered the methamphetamine pipe. They looked inside defendant's vehicle and observed baggies with residue and white powder on the floorboard causing them to believe there were narcotics in the vehicle. That reasonable belief gave them a basis to search the vehicle which resulted in discovery of the gun and magazine.

In response, defendant contended the traffic stop and resulting search were unlawful because the evidence showed Officer Rios was unable to see defendant drive through the limit line given the intersection's configuration and Officer Rios's position.

The trial court denied defendant's suppression motion, finding the prosecution had proved by a preponderance of the evidence that defendant violated Vehicle Code section 22450, subdivision (a)—i.e., that he failed to stop at the limit line. The court believed Officer Rios's testimony and disbelieved defendant's testimony. Accordingly, the search was justified.

C. *Conviction*

Following the denial of defendant's suppression motion, defendant pleaded no contest to possession of a firearm by a felon. The trial court accepted the plea, suspended the imposition of sentence, and placed defendant on formal probation for two years subject to various terms and conditions.

# III. DISCUSSION

Defendant contends the trial court erred in not suppressing the evidence of the firearm and observations the officers made during the traffic stop and searches of his person and vehicle. He argues that neither the search-incident-to-arrest exception nor the automobile exception applied to the search. In his reply brief, defendant acknowledges he did not make these arguments in the trial court, but argues he did not forfeit them because it was the prosecution's burden to establish the search was lawful and the parties presented arguments to the court about the search's validity.

## A. *Standard of Review*

"[I]n ruling on a motion under section 1538.5 the superior court sits as a finder of fact with the power to judge credibility, resolve conflicts, weigh evidence, and draw inferences, and hence . . . on review of its ruling by appeal . . . all presumptions are drawn in favor of the factual determinations of the superior court and the appellate court must uphold the superior court's express or implied findings if they are supported by substantial evidence. [Citation.]" (*People v. Laiwa* (1983) 34 Cal.3d 711, 718; accord, *People v. Carrington* (2009) 47 Cal.4th 145, 166.) On the facts so found, an appellate court exercises independent judgment in determining whether the search was reasonable under the Fourth Amendment. (*People v. Macabeo* (2016) 1 Cal.5th 1206, 1212.)

B.      *Legal Principles*

"Section 1538.5 governs motions to suppress evidence obtained as a result of a search or seizure." (*People v. Williams* (1999) 20 Cal.4th 119, 127 (*Williams*).) Under section 1538.5, subdivision (a)(1), "[a] defendant may move . . . to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on the following ground[]: [¶] (A) The search or seizure without a warrant was unreasonable."

It is a basic rule of Fourth Amendment law that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." (*Katz v. United States* (1967) 389 U.S. 347, 357, fns. omitted.) Among the exceptions to the warrant requirement are a search incident to a lawful arrest and the automobile exception.

The search-incident-to-lawful-arrest exception applies in two different contexts. "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." (*Arizona v. Gant* (2009) 556 U.S. 332, 351.)

Under the automobile exception, police officers may search a vehicle they stop if they have probable cause to believe it contains contraband. (See *United States v. Ross* (1982) 456 U.S. 798, 820–821; *People v. Johnson* (2018) 21 Cal.App.5th 1026, 1034.) Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* (1983) 462 U.S. 213, 238.)

"Once an officer has probable cause to search the vehicle under the automobile exception, they 'may conduct a probing search of compartments and containers within the vehicle whose contents are not in plain view.'" (*People v. McGee* (2020) 53 Cal.App.5th 796, 801, quoting *United States v. Ross*, *supra*, 456 U.S. at p. 800.)  Given the widespread regulation of vehicles, a motorist or occupant of a vehicle has significantly reduced expectations of privacy.  (See *New York v. Class* (1986) 475 U.S. 106, 112–113.)

When the basis of a motion to suppress is the lack of a search warrant, a defendant's section 1538.5 motion is sufficient, "*in the first instance*," if the motion simply asserts the absence of a warrant and makes a prima facie showing supporting that assertion.  (*Williams, supra*, 20 Cal.4th at p. 130.)  If a defendant has a specific argument why a warrantless search or seizure was unreasonable other than the lack of a warrant, the defendant must specify the argument to give the prosecution an opportunity to offer evidence on the point.  (*Ibid.*)  For example, if a defendant believes the police failed to comply with the knock-notice requirement in section 844, the defendant cannot "simply bring a motion to suppress alleging a warrantless search or seizure and then wait until the appeal to raise the knock-notice issue." (*Williams, supra*, 20 Cal.4th at p. 130.)  The defendant must raise the knock-notice issue in the trial court proceeding.  (*Ibid.*)

"Moreover, once the prosecution has offered a justification for a warrantless search or seizure, defendants must present any arguments as to why that justification is inadequate."  (*Williams, supra*, 20 Cal.4th at p. 130.)  Accordingly, although the "prosecution retains the burden of proving that the warrantless search or seizure was reasonable under the circumstances," "if defendants detect a critical gap in the prosecution's proof or a

flaw in its legal analysis, they must object on that basis to admission of the evidence or risk forfeiting the issue on appeal." (*Ibid.*)  "Defendants cannot . . . lay a trap for the prosecution by remaining completely silent until the appeal about issues the prosecution may have overlooked."  (*Id.* at p. 131.)  The failure "to bring an issue to the attention of the trial court and the opposing party . . . waives the right to raise the issue on appeal."  (*Id.* at p. 128; see also *People v. Oldham* (2000) 81 Cal.App.4th 1, 14–15.)

C.    *Analysis*

1.    <u>Forfeiture</u>

In his motion to suppress evidence, defendant argued the firearm and the officers' observations should be suppressed because the searches of his person and vehicle were without a warrant and were thus presumptively illegal.  During oral argument on his suppression motion, in response to the prosecution's proffered justification of the searches, defendant, through counsel, argued the traffic stop was unlawful because Officer Rios could not have observed defendant cross the limit line.  Counsel stated, "The issue is:  what was the basis for the initial stop?"  He explained, "[T]he only issue then is whether the officer could have seen, from where he was when he negotiated that left turn onto Grand from Jefferson, could he have possibly seen anybody who had legally stopped at the limit line from that perspective."

On appeal, for the first time, defendant claims the trial court erred in denying his suppression motion because neither

9

the search-incident-to-arrest exception nor the automobile exception applied to the search. Although the prosecution raised the automobile exception in its opposition to defendant's suppression motion, defendant did not contest that the exception applied. The sole issue below was whether the stop itself was lawful. Because defendant failed to bring these two issues to the attention of the opponent and the trial court, he "waive[d] the right to raise the issue[s] on appeal." (*Williams, supra*, 20 Cal.4th at p. 128.)

2.      Automobile Exception

Even if defendant did not forfeit his challenge to the automobile exception, we would affirm because the officers had probable cause to search the vehicle under the automobile exception.[2] The automobile exception applied to the search because the officers had probable cause to search for narcotics. Officer Rios observed a white powdery substance spread throughout the vehicle's driver's side floorboard. Officer Rios also saw a plastic bag in the vehicle with a white residue that looked like methamphetamine. Defendant was carrying a glass pipe used to smoke methamphetamine. These observations provided probable cause for a lawful search because they established a fair probability officers would find narcotics within defendant's vehicle. (See *Illinois v. Gates, supra*, 462 U.S. at p. 238.) Accordingly, the warrantless search of defendant's vehicle fell within the automobile exception to the Fourth Amendment.

---

[2]      Having decided the automobile exception applied to the search, we need not discuss the search-incident-to-arrest exception.

## IV.   DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:


HOFFSTADT, P. J.


MOOR, J.

11